STADHEIM & GREAR LTD.
George C. Summerfield (P40644)
(summerfield@stadheimgrear.com)
400 North Michigan Ave., Suite 2200
Chicago, Illinois 60611
Telephone:  (312) 755-4400
Facsimile:  (312) 755-4408

*Attorney for Plaintiff*
*INNOVATE CALGARY,*
*f/k/a UNIVERSITY TECHNOLOGIES INTERNATIONAL INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| INNOVATE CALGARY,<br>f/k/a UNIVERSITY TECHNOLOGIES<br>INTERNATIONAL INC., a foreign<br>corporation,<br><br>                    Plaintiff,<br><br>           v.<br><br>METACURE N.V., a foreign corporation,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Innovate Calgary, f/k/a University Technologies International Inc. ("UTI"), alleges by way of complaint against Defendant, MetaCure N.V. ("MetaCure"), (collectively, "the Parties") as follows:

**I.      Factual Background**

    **A.      The Parties**

1.    Innovate Calgary is a full service organization responsible for the University of Calgary's technology transfer and business development.  Innovate Calgary works to help researchers at the University of Calgary bridge the gap between discovery and innovation.  Innovate Calgary

1

COMPLAINT

facilitates the transfer of innovation to market thereby diversifying the economy, providing viable solutions to industry, stimulating economic growth and wealth creation, and providing overall benefit to our community and society. Innovate Calgary's principal place of business is 3553 – 31 Street NW, Calgary, Alberta, T2L 2K7, Canada.

2.   Innovate Calgary's predecessor-in-interest, UTI, was also responsible for commercializing the scientific innovations of the University's researchers. UTI was established June 1, 1989, by the University of Calgary and expanded to include other research groups and corporations. In 2010, UTI combined with Calgary Technologies Inc. to form Innovate Calgary.

3.   Innovate Calgary owns a portfolio of patents directed generally to electrically stimulate the gastrointestinal tract to treat and prevent various gastro-intestinal inflictions. The sole named inventor of these patents is Dr. Martin Mintchev, a professor of Electrical and Computer Engineering at the University of Calgary. He is also an adjunct professor of Medicine at the University of Calgary and an adjunct professor of surgery at the University of Alberta.

4.   Dr. Mintchev is also a Fellow of the American Institute of Medical and Biological Engineering, a title conferred on those engineers who have demonstrated outstanding proficiency and have achieved distinction in their profession. He is also a Senior Member of the Institute of Electronic and Electrical Engineers, the world's largest professional association dedicated to advancing technological innovation and excellence for the benefit of humanity.

5.   Among his numerous awards, in 2002 the Institute for Information Theories and Application ("ITHEA") awarded Dr. Mintchev the ITHEA Prize for Outstanding Achievements in the Field of Information Theories and Applications, International Journal of Information Theories and Applications. In 2001 he was named Honorary Professor of the International

2

COMPLAINT

Medical Association (Bulgaria). In 1999, Dr. Mintchev received the Faculty of Engineering Research Award for his advances in Electrical and Computer Engineering.

6. MetaCure is a medical device company that develops and commercializes minimally invasive treatment for diabetes, the combination of type 2 diabetes and obesity. MetaCure's principal place of business is located at 6 Werfstraat, Curacao, Netherlands Antilles.

### B. The UTI-MetaCure Confidentiality and Non-Use Agreement

7. In 2003, Dr. Mintchev and others published an article entitled "Hardware-software Co-design of Portable Functional Gastrointestinal Stimulator System" in the *Journal of Medical Engineering & Technology* that described, among other things, the application of microprocessor-controlled electrical stimulation to restore impaired motility in the gastrointestinal tract. *See* Martin P. Mintchev, *et al.*, *Hardware-software Co-design of Portable Functional Gastrointestinal Stimulator System*, 27 J. Med. Eng'g & Tech. 164 (2003). Upon information and belief, MetaCure first became aware of Dr. Mintchev's research in this area upon the publication of this article.

8. Shortly thereafter, MetaCure wished to evaluate a possible collaborative research and commercial relationship with UTI ("Evaluation"), which required the exchange of certain confidential information related to the subject matter addressed in Dr. Mintchev's 2003 article.

9. On February 10, 2004, UTI and MetaCure entered into a Confidentiality and Non-Use Agreement ("Agreement") under which MetaCure obtained access to UTI's confidential and/or proprietary information, ideas, concepts, and technology in connection with gastrointestinal stimulation methods and devices, including the provisional patent application titled "Method & Implantable Device for Restoring Gastrointestinal Mobility, or for adversely Affecting

3

Spontaneously-Existing Gastrointestinal Mobility." *See* Recitals to Agreement, attached hereto as Exhibit A.

10. Pursuant to the Agreement, MetaCure expressly agreed to hold UTI's confidential information "in strict confidence, to exercise appropriate caution to maintain its secrecy and to prevent unauthorized use of such Information, . . . and not to disclose, discuss, communicate or transmit such Information to others, except only to those persons engaged by or working on behalf of the Receiving Party and necessary for the Evaluation." Agreement ¶ 1.1. In addition, MetaCure expressly agreed to use UTI's confidential information "solely for purposes of performing the Evaluation and for no other purpose." *Id.* ¶ 1.2.

11. According to the Agreement, these duties were effective and binding on MetaCure "during the Evaluation and . . . 5 years after the termination of the Evaluation or any resulting agreement." *Id.* ¶ 7.

### C. MetaCure's Breach of the Agreement

12. Instead of maintaining the subject matter in confidence, MetaCure breached the Agreement by directly incorporating aspects of UTI's confidential information and technology into MetaCure's commercial products. For example, MetaCure's DIAMOND (TANTALUS)™ System incorporates gastric electrical stimulation technology based upon the confidential information that UTI disclosed to MetaCure during the Evaluation. *See, e.g.,* MetaCure Home Page, "Mechanism of Action," http://www.metacure.com/for-physicians-2/mechanism-of-action/.

13. Thus, MetaCure breached the Agreement by, *inter alia*, (a) failing to maintain UTI's confidential information in strict confidence; (b) disclosing UTI's confidential information to

persons not necessary for the Evaluation; and (c) using UTI's confidential information for purposes other than performing the Evaluation. *See* Agreement ¶¶ 1.1, 1.2.

14. Innovate Calgary learned of MetaCure's breach on or around December 2012, when Dr. Mintchev notified Innovate Calgary that its confidential information and patented technology was being used in MetaCure's commercial products.

## II.  Jurisdiction and Venue

15. The Parties agreed that the Agreement and its terms "shall be governed by and construed in accordance with the laws of the State of California, the courts of which shall have exclusive jurisdiction over the parties and subject matter." *Id.* ¶ 10.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the Parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

17. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(3).

## III.  Intradistrict Assignment

18. There is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## COUNT I – BREACH OF CONTRACT

19. Innovate Calgary incorporates by reference the allegations contained in paragraphs 1-18, above.

20. Innovate Calgary has performed all of its obligations under the Agreement.

21. MetaCure breached the Agreement when it used Innovate Calgary's confidential information for purposes other than those set forth in the Agreement.

22. Innovate Calgary suffered damages as a direct and proximate result of MetaCure's breach of the Agreement.

COMPLAINT

WHEREFORE, Innovate Calgary respectfully requests that this Court order MetaCure to:

a) Pay Innovate Calgary for the actual damage that MetaCure has caused Innovate Calgary in an amount to be determined at trial;

b) Pay Innovate Calgary prejudgment interest;

c) Cease any further unauthorized use of Innovate Calgary's confidential information; and

d) Pay Innovate Calgary its reasonable attorneys fees and costs.

Dated: June 19, 2014

*/s/ George C. Summerfield*
George C. Summerfield (P40644)
(summerfield@stadheimgrear.com)
STADHEIM & GREAR LTD.
400 North Michigan Ave., Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile: (312) 755-4408

*Attorneys for Plaintiff*
*Innovate Calgary, f/k/a University Technologies International Inc.*

COMPLAINT

## DEMAND FOR JURY TRIAL

Innovate Calgary demands a trial by jury on all issues triable by jury.

Dated: June 19, 2014

*/s/ George C. Summerfield*
George C. Summerfield (P40644)
(summerfield@stadheimgrear.com)
STADHEIM & GREAR LTD.
400 North Michigan Ave., Suite 2200
Chicago, Illinois 60611
Telephone:  (312) 755-4400
Facsimile:  (312) 755-4408

*Attorneys for Plaintiff*
*Innovate Calgary, f/k/a University Technologies International Inc.*

COMPLAINT